# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PHILLIP CUYLER, | ) Civil Action |
| | ) No. |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| ARCILLA MINING AND LAND COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Phillip Cuyler ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Arcilla Mining and Land Company, LLC. ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Ted S. Smith, 9474 Highway 57, McIntyre, Georgia 31054.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA.

7.

Plaintiff began working for Defendant on September 15, 2015, as a truck driver.

8.

At all times relevant to this action, Plaintiff suffered from a serious health condition, as that term has been defined by the FMLA, of which the employer had knowledge.

9.

Plaintiff was tested for COVID-19 on January 15, 2021, and he was diagnosed with COVID-19 on January 19, 2021.

10.

Plaintiff's physician advised him to take time off work while he recovered from COVID-19. In addition, Plaintiff's physician prescribed medication for Plaintiff's treatment, specifically Albuterol Sulfate and Symbicort.

11.

On January 29, 2021, Plaintiff provided Defendant a note from his physician stating that Plaintiff could return to work on February 8, 2021.

12.

Plaintiff continued to experience symptoms of COVID-19, and per his physician's recommendations, he continued to take time off work to recover.

13.

Plaintiff emailed his supervisor, William Share, notes from his physician each week stating that he was unable to work.

14.

The last note stated that Plaintiff could return to work on March 8, 2021.

15.

When Plaintiff arrived at work on March 8, 2021, Mr. Share terminated Plaintiff's employment.

16.

Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and retaliation.

17.

Defendant availed himself of FMLA protected rights by taking leave for

4

FMLA protected health issues. Upon his return, Defendant retaliated against Plaintiff for his protected activity by terminating his employment.

18.

In terminating Plaintiff, Defendant retaliated against Plaintiff for his exercise of FMLA rights.

19.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of rights protected by the FMLA.

20.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2018 and 2019 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

**CLAIMS FOR RELIEF**

**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**

**COUNTS I AND II**

**(FMLA INTERFERENCE AND RETALIATION)**

21.

Plaintiff repeats and re-alleges paragraphs 6-20 as if set forth fully herein.

22.

Defendant is and, at all times relevant, has been an "employer" as defined by the FMLA.

23.

Plaintiff was an eligible employee under the FMLA.

24.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

25.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

26.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

27.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g) All other relief to which he may be entitled.

This 22nd day of July, 2021.

**BARRETT & FARAHANY**

<u>s/V. Severin Roberts</u>
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
severin@justiceatwork.com